THE STATE EX REL. POWELL, APPELLANT, *v.* C.R. O'NEIL & COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Powell v. C.R. O'Neil & Co.*, 116 Ohio St.3d 22, 2007-Ohio-5504.]

■■■■

(No. 2006–1572—Submitted August 14, 2007—Decided October 23, 2007.)

■■■■

---

**Per Curiam.**

{¶ 1} At issue are the calculated amounts of appellant Delbert Gene Powell's full weekly wage and average weekly wage. Powell was injured on the job on September 30, 2000. After his workers' compensation claim was allowed, Powell moved appellee, Industrial Commission of Ohio, to set his full weekly wage at $848.26 and his average weekly wage at $869.18. In support, Powell submitted his IRS 1099 forms for 1999 and 2000.

{¶ 2} A district hearing officer set Powell's average weekly wage at $224.12. The hearing officer declined to consider the 1099 forms because a letter from Powell's employer, C.R. O'Neil & Company, specified that the amounts on the 1099 represented payments to both Powell and his labor crew. The order did not set a full weekly wage.

{¶ 3} Powell's appeal was heard by a staff hearing officer on February 4, 2002. The hearing officer considered portions of Powell's federal Schedule C forms showing the amount of income that Powell made as a self-employed carpenter in 1998 and 1999. The portions submitted, however, showed only the figures for "gross receipts and sales." Later that day, Powell's counsel faxed to the staff hearing officer a complete copy of the 1999 Schedule C that showed expenses and gross income as well as the larger amount of gross receipts. Counsel also faxed Powell's 2000 Schedule C the following day. On this same date, February 5, 2002, the staff hearing officer affirmed the district hearing officer's calculation of average weekly wage and set the full weekly wage at $178.71. The order stated that "the amounts shown on the claimant's 1998 and 1999 Schedule C Form excerpts regarding 'gross receipts and sales' " were unpersuasive. Those forms and the figures they contained were thus excluded from the calculation.

{¶ 4} Approximately three and a half years later, Powell filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in not considering his self-employment income. The court of appeals denied the writ, finding that the commission had not abused its discretion in refusing to consider evidence submitted after the hearing.

{¶ 5} This cause is now before this court on an appeal as of right.

{¶ 6} The primary issue before us is whether the commission abused its discretion in excluding Powell's self-employment income when calculating Powell's average weekly wage and full weekly wage. Because Powell does not contest the commission's rejection of his IRS 1099 forms, our analysis focuses solely on the IRS Schedule C forms.

Average weekly wage

{¶ 7} There is no dispute that evidence of Powell's self-employment income for the relevant periods of 1999 and 2000 was not considered. There is also no dispute that the evidence is material, since R.C. 4123.61 bases the average weekly wage on earnings for the year prior to injury. The commission, however, has authority to accept or reject evidence submitted after hearing. *State ex rel. Cordray v. Indus. Comm.* (1990), 54 Ohio St.3d 99, 101, 561 N.E.2d 917 (because Ohio Adm.Code 4121–3–09(C)(5) gives the commission the discretion to grant or deny additional time for hearing preparation, "the commission must also have the discretion to accept or reject evidence submitted thereafter"). The question here is whether the commission abused its discretion in refusing to consider the 1999 and 2000 schedule C forms.

{¶ 8} Powell submitted his 2000 Schedule C form the day after the hearing. Under *Cordray*, the staff hearing officer's decision to exclude that document is not an abuse of discretion.

{¶ 9} The 1999 Schedule C, however, is a different matter. At least part of the 1999 document pertaining to "gross receipts and sales" was submitted at the hearing, and Powell's counsel submitted the entire form later that day to clarify the amount of self-employment income declared that year. Because it was not an entirely new evidentiary submission akin to that in *Cordray,* we hold that the commission abused its discretion in refusing to consider the 1999 Schedule C for purposes of determining Powell's average weekly wage.

Full weekly wage

{¶ 10} Turning to the commission's calculation of full weekly wage, we note that, unlike "average weekly wage," which R.C. 4123.61 specifies as a one-year average, the phrase "full weekly wage" has no statutory definition. The commission and the Bureau of Workers' Compensation have instead relied on Joint Resolution R80–7–48 (effective June 4, 1980), which specifies that for employees such as Powell, the full weekly wage shall be based on the higher of (1) gross wages (including overtime) earned in the six weeks preceding injury or (2) gross wages (excluding overtime) earned in the seven days prior to injury.

{¶ 11} Powell was injured on September 30, 2000. We have already determined that the commission did not abuse its discretion in excluding Powell's 2000 Schedule C, the document relevant to his inquiry. Because Powell's 1999 Schedule C precedes the target time period, he cannot establish that the commission's calculation of his full weekly wage was an abuse of discretion.

{¶ 12} The commission argues unpersuasively that laches bars consideration of Powell's entire argument. Laches requires, among other things, that the party asserting the defense establish that it will be prejudiced by the opponent's delay in asserting the contested issue. *Smith v. Smith* (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113, paragraph three of the syllabus. The only prejudice alleged here, however, is to the Bureau of Workers' Compensation, which is not a party to this litigation.

Conclusion

{¶ 13} The judgment of the court of appeals is hereby reversed in part and affirmed in part. That portion of the judgment that upholds the commission's computation of the full weekly wage is affirmed. We reverse the court of appeals' disposition of the issue of average weekly wage and order the commission to recalculate Powell's average weekly wage using relevant earnings from the 1999 Schedule C.

Judgment affirmed in part
and reversed in part,
and writ granted.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

David Lancione, L.L.C., and David Lancione, for appellant.

Marc Dann, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellee.