THE STATE EX REL. DAVIS ET AL., APPELLEES AND CROSS-APPELLANTS,
v. PUBLIC EMPLOYEES RETIREMENT BOARD ET AL., APPELLANTS
AND CROSS-APPELLEES.

[Cite as *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254.]

(No. 2008–0198—Submitted September 16, 2008—Decided December 9, 2008.)

---

**Per Curiam.**

{¶ 1} These are appeals and a cross-appeal from a judgment granting a limited writ of mandamus ordering the Public Employees Retirement Board ("PERB")

to vacate its denial of claims for Public Employees Retirement System ("PERS") service credit and to issue a new order adjudicating the merits of the claims. Because PERB abused its discretion in holding that appellees were collaterally estopped from raising their claims, we affirm the judgment of the court of appeals.

## Historical Background[1]

{¶ 2} In 1976, the General Assembly enacted R.C. Chapter 120, the Public Defenders Act, which established the Ohio Public Defender Commission and authorized counties to create county and joint-county public-defender commissions. Am.Sub.H.B. No. 164, 136 Ohio Laws, Part I, 1868. Pursuant to these provisions, appellant Franklin County Board of Commissioners established appellant Franklin County Public Defender Commission to provide legal representation to indigent persons as required by law, and the commission appointed the Franklin County Public Defender.

{¶ 3} The public defender hired attorneys and support personnel to form the Franklin County Public Defender's Office ("FCPDO"). The FCPDO operated as if it were a private, unincorporated association, and both FCPDO and its employees paid Social Security taxes on their wages.

{¶ 4} In 1984, the General Assembly enacted R.C. 120.14(F), which authorized county and joint-county public-defender commissions to contract with nonprofit organizations to provide representation to indigent criminal defendants. Am.Sub. S.B. No. 271, 140 Ohio Laws, Part I, 949, 956–957. The Franklin County Public Defender Commission contracted with the Franklin County Board of Commissioners and the city of Columbus to provide legal representation for indigent criminal defendants in Franklin County, and the commission subcontracted with the newly incorporated FCPDO to provide these services. The articles of incorporation were filed with the Secretary of State of Ohio on December 31, 1984.

### State ex rel. Mallory v. Pub. Emps. Retirement Bd.
### (1998), 82 Ohio St.3d 235, 694 N.E.2d 1356

{¶ 5} In June 1998, we granted a writ of mandamus to compel appellant PERB to credit a former FCPDO employee for her years of service as an attorney and law clerk for FCPDO from 1978 to 1980 and from 1982 to 1994. *State ex rel. Mallory v. Pub. Emps. Retirement Bd.* (1998), 82 Ohio St.3d 235, 694 N.E.2d 1356. We held that pre–1984 FCPDO attorneys were public employees during their employment with FCPDO and that after the 1984 enactment of R.C.

---

1. Unless otherwise noted, these preliminary facts are taken from *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444.

120.14(F) and the incorporation of FCPDO as a nonprofit organization, FCPDO attorneys who continued to represent indigent criminal defendants were entitled to continuing service credit with PERS under R.C. 145.01(A)(2). Id. at 241, 245, 694 N.E.2d 1356. The parties did not raise and we did not resolve any conflict concerning the status of FCPDO after its incorporation.

### State ex rel. Van Dyke v. Pub. Emps. Retirement Bd.,
### 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438

{¶ 6} Beginning in February 1982, Omia Nadine Van Dyke worked for FCPDO first as a legal intern and then as a staff attorney. *State ex rel. Van Dyke v. Pub. Emps. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, ¶ 3. In 1985, after the 1984 enactment of R.C. 120.14(F) and the incorporation of FCPDO as a nonprofit organization, Van Dyke resigned her position and began working as a staff attorney in the Bureau of Support of the Franklin County Court of Common Pleas, Division of Domestic Relations. Id. at ¶ 4–5. In 1986, Van Dyke resigned her position with the bureau of support and was rehired as a staff attorney with FCPDO, where she worked until 1991. Id. at ¶ 8.

{¶ 7} Following our decision in *Mallory*, 82 Ohio St.3d 235, 694 N.E.2d 1356, PERS credited Van Dyke for her years of service with FCPDO from February 1982 to November 1985 but refused to credit her for her employment with FCPDO from 1986 to 1991. Id. at ¶ 10. After PERS denied Van Dyke's request for service credit for the latter period, she requested a PERS staff determination. Id. at ¶ 11. In a March 2001 position statement to PERS on Van Dyke's claim, Franklin County and FCPDO argued that the issue whether FCPDO employees who were newly hired after incorporation of FCPDO as a nonprofit organization were public employees entitled to PERS service credit had not been raised by Van Dyke, although it had been raised by appellees in a separate dispute then before PERS. The county requested that the PERS staff "not make a determination as to the new hire issue until such time as the argument presented by Mr. Melle [appellees' attorney in this case] on behalf of hundreds of employees [including appellees] is fully addressed separately."

{¶ 8} In April 2001, PERS issued a final staff determination in which it denied Van Dyke's request for service credit for the period from 1986 to 1991. *Van Dyke*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, at ¶ 12. PERS determined that for that period, Van Dyke was not a public employee because she was not a carryover employee under R.C. 145.01(A)(2). Id. at ¶ 12–13. PERS noted that Van Dyke's claim was limited to the argument that she was a public employee pursuant to R.C. 145.01(A)(2) and did not include the argument raised by appellees in their dispute with PERS:

{¶ 9} "[Van Dyke] has not asserted any basis that FCPDO employees hired after 1984 also should be treated as public employees per R.C. 145.01. Currently,

there is a group of such employees who have made this claim which is pending before the system. Ms. Van Dyke does not choose to make the similar and alternative argument for her determination. The determination on this alternative position for the other group of employees would be equally applicable to her."

{¶ 10} After PERB upheld the staff determination, the court of appeals granted Van Dyke a writ of mandamus to compel PERB to award her service credit for the period from 1986 to 1991, when she returned to work for FCPDO after her employment with the bureau of support. *Van Dyke,* 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, at ¶ 18. The court of appeals concluded that because Van Dyke had " 'continued in an unbroken chain of service as an attorney for the county and a public employee when she returned to FCPDO and resumed her duties as a staff attorney,' she was 'a public employee pursuant to R.C. 145.01(A), and consequently [was] entitled to membership status and service credits in PERS for the time period of April 10, 1986 to August 21, 1991.' " *Van Dyke,* at ¶ 18.

{¶ 11} In August 2003, we reversed the judgment of the court of appeals and denied the writ. We rejected Van Dyke's claim that she qualified as a carryover employee under R.C. 145.01(A)(2), which the court of appeals had adopted, and instead concluded that when Van Dyke "was reemployed by FCPDO in April 1986, she was not 'continuing' her employment with a private contractor that was taking over a previously publicly operated function. Instead, in April 1986, she was beginning a term of employment with a private contractor that years before had taken over the publicly operated function." Id. at ¶ 29. We also noted that Van Dyke did not continue in an unbroken chain of service when she returned to FCPDO because "when she began her second period of employment with FCPDO, it was no longer a county agency." Id. at ¶ 30.

{¶ 12} Effective January 1, 1999, appellant Franklin County Public Defender replaced the FCPDO, and its employees were treated as public employees subject to PERS.

### Administrative Proceedings in *Davis*

{¶ 13} In 2001, appellees, 12 present and former Franklin County Assistant Public Defenders and support personnel, and 39 other FCPDO attorneys and support staff employed from January 1, 1985, through December 31, 1998, requested a PERS determination that they were public employees eligible for PERS membership and service credit during the specified period.

{¶ 14} In September 2003, PERS staff rejected appellees' contention that "although the Franklin County Public Defender was formed as a non-profit entity in 1984, it was still a public employer or an agent of a public employer." The

staff determined that the court's holding in *Van Dyke* required its rejection of appellees' claims:

{¶ 15} "Based upon the August 20, 2003, decision issued by the Ohio Supreme Court in *State ex rel. Van Dyke v. Pub. Emp. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, OPERS has determined that the post–1984 claimants are not public employees and are not subject to coverage in OPERS for the time period in question, as their employment was with a private entity and not a public employer, or an 'agent' of a public employer as claimants suggest.

{¶ 16} "In *State ex rel. Van Dyke*, the Ohio Supreme Court recognizes the incorporation of the Franklin County Public Defender's Office as a nonprofit organization. The Court specifically states that in 1986 Van Dyke began a term of employment 'with a private contractor,' * * * and 'when she began her second period of employment with FCPDO, it was no longer a county agency.' *State ex rel. Van Dyke*, [99 Ohio St.3d 430,] 2003-Ohio-4123[, 793 N.E.2d 438], at ¶ 29–30. Accordingly, as the claimants were not working for a public employer, their claims for coverage must be denied."

{¶ 17} The claimants appealed the PERS staff determination pursuant to Ohio Adm.Code 145–1–11. In June 2004, after an administrative hearing, a PERS hearing examiner issued a report and recommendation. The claimants—including appellees—advanced arguments concerning agency, control, alter ego, lack of separate mind, will, or existence, and piercing the corporate veil to attempt to establish that because of Franklin County's control over FCPDO, the purported private corporation remained a public employer.

{¶ 18} The examiner concluded that the claimants were collaterally estopped from raising these claims because of our decision in *Van Dyke*. The examiner specifically found that based on *Van Dyke*, "all of the Claimants in this action were hired by, and throughout all of the relevant time period all of the Claimants continued to work for, the FCPDO at a time when the office was, according to the Ohio Supreme Court, 'a private contractor that years before had taken over the publicly operated function' of the public defender's office." The examiner recommended that PERB affirm the staff determination denying the claimants' request for service credit for the period from January 1, 1985, through December 31, 1998. On August 25, 2004, PERB accepted the examiner's findings of fact and conclusions of law and denied the claimants' request for PERS service credit because "the Franklin County Public Defender's Office was not operating as a public employer from January 1, 1985 through January 1, 1999."

## Mandamus Case

{¶ 19} In December 2004, appellees filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel appellant PERB to vacate

its August 25, 2004 determination and to retroactively credit appellees' and the proposed class members' accounts with all appropriate years of service for PERS and to compel appellants Franklin County Board of Commissioners, Franklin County Public Defender Commission, Franklin County and Columbus Public Defender Yeura Venters, and the Franklin County Public Defender to remit employer and employee contributions to PERB for the years appellees served as eligible employees but were wrongfully excluded from participation in PERS.

{¶ 20} In December 2005, the court of appeals denied appellees' motion for class certification. On appeal, we affirmed. *State ex rel. Davis v. Pub. Emps. Retirement Bd.,* 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444.

{¶ 21} In December 2007, the court of appeals granted appellees a "limited writ of mandamus ordering PERB to vacate its [August 2004] order denying [appellees'] claims for PERS service credit and to issue a new order adjudicating [appellees'] claims on their merits." *State ex rel. Davis v. Pub. Emps. Retirement Bd.,* 174 Ohio App.3d 135, 2007-Ohio-6594, 881 N.E.2d 294, ¶ 43. The court of appeals determined that PERB abused its discretion when it failed to consider the merits of appellees' claims on the grounds that our decision in *Van Dyke* collaterally estopped appellees from claiming that FCPDO was a public employer. Id. at ¶ 20–39.

{¶ 22} This cause is now before the court upon appeals by PERB and the various Franklin County respondents and a cross-appeal by the employees.

## Mandamus to Remedy Abuse of Discretion by PERB

{¶ 23} In their mandamus claim, appellees assert that PERB abused its discretion by denying their request for PERS service credit from January 1, 1985, through December 31, 1998, when they were employed as FCPDO attorneys and support staff.

{¶ 24} "[M]andamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body." *State ex rel. Pipoly v. State Teachers Retirement Sys.,* 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 14. "Because there is no statutory right to appeal the retirement board's denial of service credit, mandamus is an appropriate remedy." *State ex rel. Schaengold v. Ohio Pub. Emps. Retirement Sys.,* 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 8; R.C. 145.01(A) ("In all cases of doubt, the public employees retirement board shall determine whether any person is a public employee, and its decision is final"); Ohio Adm.Code 145–1–11(D) ("The retirement board's decision on any determination conducted pursuant to this rule shall be final and determinative").

{¶ 25} Therefore, to be entitled to the requested writ of mandamus, appellees had to establish that PERB abused its discretion by denying their request for

PERS service credit. "An abuse of discretion reflects an unreasonable, arbitrary, or unconscionable attitude." *State ex rel. Sawyer v. Cendroski,* 118 Ohio St.3d 50, 2008-Ohio-1771, 885 N.E.2d 938, ¶ 11.

## Collateral Estoppel

{¶ 26} The court of appeals held that PERB abused its discretion by denying appellees' service-credit claims based on collateral estoppel.

{¶ 27} In Ohio, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.,* 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6. "[I]ssue preclusion, [or] collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140. "While the merger and bar aspects of *res judicata* have the effect of precluding the relitigation of the same cause of action, the collateral estoppel aspect precludes the relitigation, in a second action, of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action." Id. Collateral estoppel "applies equally to administrative proceedings." *State ex rel. Kincaid v. Allen Refractories Co.,* 114 Ohio St.3d 129, 2007-Ohio-3758, 870 N.E.2d 701, ¶ 8.

{¶ 28} "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Thompson v. Wing* (1994), 70 Ohio St.3d 176, 183, 637 N.E.2d 917; see also *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 201, 2 OBR 732, 443 N.E.2d 978 ("an absolute due process prerequisite to the application of collateral estoppel is that the party asserting the preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action").

{¶ 29} The court of appeals found that our holding in *Van Dyke,* 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, did not collaterally estop appellees' claims that they were public employees when they worked for FCPDO because this court in *Van Dyke* did not actually litigate and determine the postincorporation status of FCPDO, and appellees were not in privity with the claimant in *Van Dyke.*

{¶ 30} When an issue is not actually litigated and decided in the previous proceeding, collateral estoppel does not preclude the issue from being litigated in the subsequent proceeding. *Thompson,* 70 Ohio St.3d at 185, 637 N.E.2d 917. This actual-litigation requirement for the application of collateral estoppel is explained in 1 Restatement of the Law 2d, Judgments (1982) 256–257, Section 27, Comment e:

{¶ 31} "A judgment is not conclusive in a subsequent action as to issues which might have been but were not litigated and determined in the prior action. There are many reasons why a party may choose not to raise an issue, or to contest an assertion, in a particular action. * * * The interests of conserving judicial resources, of maintaining consistency, and of avoiding oppression or harassment of the adverse party are less compelling when the issue on which preclusion is sought has not actually been litigated before. And if preclusive effect were given to issues not litigated, the result might serve to discourage compromise, to decrease the likelihood that the issues in an action would be narrowed by stipulation, and thus to intensify litigation.

{¶ 32} "It is true that it is sometimes difficult to determine whether an issue was actually litigated; even if it was not litigated, the party's reasons for not litigating in the prior action may be such that preclusion would be appropriate. But the policy considerations outlined above weigh strongly in favor of nonpreclusion, and it is in the interest of predictability and simplicity for such a result to obtain uniformly."

{¶ 33} Both of our previous cases concerning PERS service credit of FCPDO employees—*Mallory* and *Van Dyke*—involved claims based on the carryover provision of R.C. 145.01(A)(2), which defines "public employee" to include a "person who is a member of the public employees retirement system and who continues to perform the same or similar duties under the direction of a contractor who had contracted to take over what before the date of the contract was a publicly operated function." In neither case did the claimants raise the issue that appellees do here—that even after FCPDO was incorporated as a nonprofit organization on December 31, 1984, it remained a public employer because of the county's control of FCPDO. That is, because the issue of the postincorporation status of FCPDO was not contested by the claimants in *Mallory* or *Van Dyke,* we did not actually litigate or determine the issue.

{¶ 34} As the court of appeals concluded, the evidence that the issue was not litigated includes the county's request during the administrative proceedings in *Van Dyke* that PERS not rule on the issues raised by appellees here, as well as the PERS determination granting that request by ruling that it was not considering these issues in its ruling on Van Dyke's claim for service credit under R.C. 145.01(A)(2). This evidence supports the court of appeals' conclusion that

"FCPDO's status as a public or private employer after its incorporation was simply not at issue in *Van Dyke*." *Davis,* 174 Ohio App.3d 135, 2007-Ohio-6594, 881 N.E.2d 294, at ¶ 34.

{¶ 35} In effect, the claimants' failure to raise or contest the issue in *Van Dyke* and *Mallory* was tantamount to a stipulation in those cases that FCPDO was a private employer after its incorporation in 1984. See *Consolo v. Cleveland,* 103 Ohio St.3d 362, 2004-Ohio-5389, 815 N.E.2d 1114, ¶ 9 (appellees were not collaterally estopped from raising issue of union's status as collective-bargaining representative when that issue "appears to have been stipulated" in previous cases); 1 Restatement of the Law 2d, Judgments, Section 27, Comment e, at 256–257 ("An issue is not actually litigated if the defendant might have interposed it as an affirmative defense but failed to do so; nor is it actually litigated if it is raised by a material allegation of a party's pleading but is admitted (explicitly or by virtue of a failure to deny) in a responsive pleading; nor is it actually litigated if it is raised in an allegation by one party and is admitted by the other before evidence on the issue is adduced at trial; nor is it actually litigated if it is the subject of a stipulation between the parties").

{¶ 36} Therefore, because we did not actually decide FCPDO's postincorporation status in either *Van Dyke* or *Mallory,* PERB abused its discretion in holding that appellees were collaterally estopped from raising their claims. By so holding, we need not decide the additional issue of whether appellees were also in privity with the claimant in *Van Dyke,* which is rendered moot by the foregoing determination.

## Stare Decisis

{¶ 37} Appellants assert that even if the court of appeals correctly held that PERB abused its discretion in applying collateral estoppel to deny appellees' claims, the court of appeals still should have denied the writ because PERB could rely on stare decisis. See *Van Dyke* and *Mallory.*

{¶ 38} "Under the legal doctrine of stare decisis, courts follow controlling precedent, thereby 'creating stability and predictability in our legal system.'" *In re Estate of Holycross,* 112 Ohio St.3d 203, 2007-Ohio-1, 858 N.E.2d 805, ¶ 22, quoting *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 1.

{¶ 39} But *Van Dyke* and *Mallory* are not dispositive of appellees' claims because the claims were not actually litigated or determined by this court in those cases. Therefore, stare decisis does not bar appellees' service-credit claims because *Van Dyke* and *Mallory* do not constitute controlling precedent on those claims.

## Laches

{¶ 40} The Franklin County appellants also contend that the writ should have been denied based on appellees' delay in raising their claims for service credit. "Laches requires, among other things, that the party asserting the defense establish that it will be prejudiced by the opponent's delay in asserting the contested issue." *State ex rel. Powell v. C.R. O'Neil & Co.*, 116 Ohio St.3d 22, 2007-Ohio-5504, 876 N.E.2d 520, ¶ 12. Because the Franklin County appellants' assertion of prejudice is at best speculative and unsupported by credible evidence or record citation, laches does not bar appellees' mandamus claim.

## Merits Issues

{¶ 41} The parties raise other issues concerning the merits of appellees' claims that they should be treated as public employees entitled to PERS service credit during their employment with FCPDO. The court of appeals, however, correctly ruled that PERB should first consider these issues because they failed to do so in rejecting appellees' claim based on collateral estoppel:

{¶ 42} "While an abuse of discretion, PERB's refusal to consider [appellees'] claims for PERS service credit for the post–1984 time period based on its determination that issue preclusion prohibited litigation of FCPDO's post-incorporation status does not necessarily translate into a finding that [appellees] are entitled to service credit. Although PERB acknowledged [appellees'] arguments of 'agency, control, alter ego, lack of mind, will or existence of its own, or piercing the corporate veil' in support of their claims that the post-incorporation FCPDO remained a public employer, PERB did not consider such arguments on their merits, nor did PERB consider the thousands of pages of documents purportedly submitted by the parties regarding such arguments. Therefore, we conclude that a limited writ of mandamus must issue ordering PERB to consider the merits of [appellees'] requests for PERS service credit for their FCPDO employment during the post–1984 time period." *Davis*, 174 Ohio App.3d 135, 2007-Ohio-6594, 881 N.E.2d 294, ¶ 42.

{¶ 43} We will not issue an advisory opinion on these issues before they are properly before us. See *State ex rel. White v. Kilbane Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508, ¶ 18 (reiterating our "well-settled precedent that we will not indulge in advisory opinions").

## Conclusion

{¶ 44} Based on the foregoing, the court of appeals did not err in granting a limited writ of mandamus to compel PERB to vacate its order denying appellees' claims for PERS service credit and to issue a new order adjudicating the merits of those claims. PERB abused its discretion by ruling that our previous decision in *Van Dyke*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, collaterally

estopped appellees from raising their claims for service credit. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, O'CONNOR, and CUPP, JJ., concur.

LUNDBERG STRATTON, O'DONNELL, and LANZINGER, JJ., dissent.

---

LUNDBERG STRATTON, J., dissenting.

{¶ 45} I respectfully dissent. I believe that *State ex rel. Mallory v. Pub. Emps. Retirement Bd.* (1998), 82 Ohio St.3d 235, 694 N.E.2d 1356, and *State ex rel. Van Dyke v. Pub. Emps. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, are authority for finding that the Franklin County Public Defender's Office ("FCPDO"), following its 1984 incorporation, was not a public employer and its employees were not public employees entitled to credit from the Public Employees Retirement System ("PERS"). Therefore, I would deny relators' request for PERS service credit post–1984 based on the doctrine of stare decisis. I would reverse the court of appeals and deny the requested writ of mandamus.

{¶ 46} In *Mallory*, the court determined that Diane Mallory was entitled to PERS credit for the years 1978 to 1980 and 1982 to 1994 even though the FCPDO was a private, nonprofit organization that had paid Social Security taxes during that period. 82 Ohio St.3d at 245, 694 N.E.2d 1356. Mallory was granted PERS credit even though she was also entitled to Social Security and private pensions. In *Mallory*, the court relied upon the carryover provision in R.C. 145.01(A)(2) to find that Mallory continued to perform the duties of a public employee, under the direction of a contractor, during the years following the FCPDO's 1984 incorporation as a nonprofit entity. Id. By applying the carry-over provision, the court must have concluded that the public defender was not operating as a public employer after 1984 (otherwise there would be no need to rely on the carryover statute).

{¶ 47} I vigorously dissented from the majority's application of the carryover provision in *Mallory* because the record reflected that the FCPDO was a private entity, not a public employer. 82 Ohio St.3d at 248–249, 694 N.E.2d 1356 (Lundberg Stratton, J., dissenting). In addition, Mallory had paid into the Social Security fund and would be entitled to its benefits. As a result, county governments faced huge financial liability for many prior years of PERS contributions for similarly situated employees with no offsetting credit for Social Security contributions.

{¶ 48} In *Van Dyke*, another FCPDO employee sought PERS credit for a period of employment beginning in 1986. 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, ¶ 15. Van Dyke had worked for the public defender but had left the office, and then was rehired in 1986. Id. at ¶ 5–8. We rejected Van Dyke's claim for PERS credit from the time she was rehired in 1986 because the FCPDO had become a private, nonprofit organization before she was rehired. Id. at ¶ 30. We determined that upon rehiring, Van Dyke was a new employee and not a carryover. Id. at ¶ 37. Thus, she was not entitled to PERS credit because the public defender's office was not a public employer after its incorporation in 1984. We explicitly reasoned, "Instead, in April 1986, [Van Dyke] was beginning a term of employment with a private contractor * * *. [W]hen she began her second period of employment with FCPDO, it was no longer a county agency." Id. at ¶ 29–30.

{¶ 49} The court also rejected the alternate grounds raised by Van Dyke, i.e., equitable estoppel and constitutional claims of due process and right to a remedy. Id. at ¶ 40–42. Thus, the parties litigated other theories that Van Dyke had asserted to substantiate her claim that she was a public employee.

{¶ 50} When relators in this case requested a PERS determination that they were public employees from 1985 through 1998, the PERS staff was obligated to apply *Van Dyke* and deny their request. The Public Employees Retirement Board ("PERB") accepted the staff's conclusion to deny the request for PERS service credit. Consequently, I believe that PERB did not abuse its discretion in rejecting relators' claim based on *Van Dyke*. Relators should not now be afforded another opportunity to litigate an issue that has already been twice resolved.

{¶ 51} I believe that the magistrate in the court of appeals aptly explained the application of *Mallory* and *Van Dyke*. He said that "by engaging in the carryover analysis, the *Mallory* court necessarily recognized that the nonprofit defender was not a public employer because R.C. 145.01(A)(2) [the carryover provision] is applicable only when the PERS member continues to perform the same or similar duties 'under the direction of a contractor who has contracted to take over what before the date of the contract was a publicly operated function.' " *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 174 Ohio App.3d 135, 2007-Ohio-6594, 881 N.E.2d 294, ¶ 73. He correctly concluded that "the *Mallory* court necessarily viewed the nonprofit defender as a private contractor who had contracted to take over what was previously a publicly operated function." Id.

{¶ 52} The magistrate made a corresponding analogy to *Van Dyke* : "[T]he *Van Dyke* court's determination that the FCPDO 'was no longer a county agency' when Van Dyke was rehired as a staff attorney in April 1986 was a necessary predicate to its ultimate determination that Van Dyke was not a public employee

when she was rehired by nonprofit defender as a staff attorney. Although the issue focused primarily on the applicability of the carryover provision, nevertheless, the court's carryover analysis was factually premised upon nonprofit defender's status as a private employer." *Davis*, 174 Ohio App.3d 135, 2007-Ohio-6594, 881 N.E.2d 294, ¶ 78.

{¶ 53} Under two different scenarios, this court has answered the underlying question that the FCPDO was not a public employer for PERS purposes post–1984. Thus, when PERB decided this case, it was obligated to follow *Mallory* and *Van Dyke*. I believe that PERB did not abuse its discretion when it denied relators' request for PERS credit.

{¶ 54} By allowing relators to belatedly assert this argument under a new theory on the basis that it was not litigated in *Van Dyke*, we are allowing relators to get in by a back door. I believe that stare decisis applies and that further litigation over the underlying merits is an exercise in futility.

{¶ 55} Relators were all hired after the FCPDO's 1984 incorporation. They were advised during the interview process that the office was a nonprofit corporation, not a county agency. They were informed that they would contribute to Social Security, and they would not be covered by PERS. They also had an opportunity to contribute to private retirement plans established by the FCPDO.

{¶ 56} Relators have had numerous opportunities to present evidence and to brief the issue whether the FCPDO was a public employer from 1985 to 1998. In 2003, PERS's general counsel issued a determination that the FCPDO was not a public employer during that time period. In 2004, a hearing examiner recommended that the general counsel's decision be affirmed, and PERB accepted the recommendation.

{¶ 57} Relators sought a writ of mandamus to compel PERB to credit their account with PERS service—the third time someone has presented this issue to a court. A magistrate determined that relators were in privity with the relator in *Van Dyke* and that issue preclusion prevented relators from asserting their claims. However, the court of appeals rejected the administrative ruling, finding that there could be no issue preclusion because the "post-incorporation status of FCPDO" had not been litigated, and instead issued a writ of mandamus. *Davis*, 174 Ohio App.3d 135, 2007-Ohio-6594, 881 N.E.2d 294, ¶ 73. Relying on the same circular reasoning, the majority now affirms.

{¶ 58} I strongly dissent. I believe that *Van Dyke* determined this issue and that we are bound by *Van Dyke*. This issue has already been litigated, and these relators should not be permitted to advance new and different theories (such as agency, control, alter ego, lack of separate mind, will or existence, and piercing the corporate veil) that Van Dyke could have raised but did not. We should not

grant relators a windfall. Consequently, I respectfully dissent and would reverse the court of appeals and deny the requested writ of mandamus.

O'DONNELL and LANZINGER, JJ., concur in the foregoing opinion.

---

Buckley King, L.P.A., James E. Melle, and Donell R. Grubbs, for appellees and cross-appellants.

Nancy Hardin Rogers, Attorney General, and Laura Erebia Parsons, Assistant Attorney General, for appellant and cross-appellee Public Employees Retirement Board.

Ron O'Brien, Franklin County Prosecuting Attorney, and Nick A. Soulas Jr., Assistant Prosecuting Attorney; and Lane, Alton & Horst, L.L.C., and Teri G. Rasmussen, for appellants and cross-appellees Franklin County Board of Commissioners, Franklin County Public Defender Commission, Franklin County Public Defender, and Franklin County and Columbus Public Defender Yeura Venters.