[Cite as *Heider v. Ohio Dept. of Transp.*, 2012-Ohio-1241.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CYNTHIA SUE HEIDER, Admr.

      Plaintiff

      v.

DEPARTMENT OF TRANSPORTATION

      Defendant

Case No. 2008-06521

Judge Clark B. Weaver Sr.

DECISION

{¶1} On November 18, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). With leave of court, plaintiff filed a response on December 20, 2010. The parties were subsequently granted leave to file supplemental memoranda. Plaintiff's May 13, 2011 motion to strike defendant's May 6, 2011 notice of supplemental authority is DENIED.[1]

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."  See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} Plaintiff's claims arise from a fatal accident that occurred on November 14, 2006.  On that date, Dr. Matthew Heider was driving his Chevy Suburban southbound on Eastown Road, approaching the intersection with Allentown Road (State Route (SR) 81) in Lima, Ohio.  Dr. Heider's daughter, Rachel, was a passenger in the vehicle.  At the same time, Ronald Funk was approaching the intersection from the east, operating a tanker truck owned by Ottawa Oil Company that was fully loaded with gasoline.  The tanker truck collided with Dr. Heider's vehicle, causing the truck to roll onto its side and explode.  Both Funk and Rachel Heider were injured but were able to escape the conflagration; Dr. Heider died at the scene.

{¶5} Plaintiff, Cynthia Heider, brings this action, both individually and on behalf of Dr. Heider's estate, alleging that defendant Ohio Department of Transportation (ODOT) was negligent in the design, installation, and maintenance of the traffic control light at the intersection of Eastown and SR 81 and that such negligence was the proximate cause of the fatal accident.

{¶6} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.  "In Ohio, '[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion * * * and issue preclusion, also known as collateral estoppel.'"  *State ex rel. Davis v. Pub. Emps.*

---

[1]On September 15, 2011, plaintiff notified the court that the Supreme Court of Ohio had declined

*Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254, ¶27, quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, ¶6. "'[I]ssue preclusion, [or] collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.'" Id., quoting *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 1998-Ohio-435. "'While the merger and bar aspects of res judicata have the effect of precluding the relitigation of the same cause of action, the collateral estoppel aspect precludes the relitigation, in a second action, of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action.'" Id.

{¶7} Defendant has attached to its motion a copy of a judgment entry in the related action in the Allen County Court of Common Pleas, Case No. CV 2008 0812, which addressed plaintiff's claims against a variety of defendants, including Funk, Ottawa Oil, and companies responsible for programing and installing the traffic control lights at the intersection. *Heider v. Siemens*, Allen App. No. 1-10-66, 2011-Ohio-901, ¶3. The common pleas court subsequently ruled in favor of Funk and Ottawa Oil on their motions for summary judgment. Id. at ¶24-25. All claims against other defendants were either dismissed or settled. (Defendant's Exhibit I.)

{¶8} The Third District Court of Appeals affirmed the trial court's decision finding that no questions of fact existed concerning whether the traffic light malfunctioned and whether Dr. Heider ran the red light. Id. at ¶32. The court of appeals noted "every available accident witness testified that Dr. Heider entered the intersection on a red light." Id. Although plaintiff presented the testimony of several individuals who "came

jurisdiction of the appeal in the connected action.

forward after the accident with accounts of how the traffic light at the intersection allegedly malfunctioned, none of these individuals actually witnessed the accident." Id. The court of appeals determined that "testimony of alleged prior light malfunctions offered by the estate is irrelevant for purposes of showing a traffic light malfunction *on the night of the accident. * * ** This is especially true here where all the direct evidence demonstrates that the traffic light *was* functioning correctly on the night of the accident." (Emphasis in original.) Id. at ¶38.

{¶9} In her response to defendant's motion, plaintiff asserts that the common pleas court failed to correctly address all of the factual and legal issues. However, the doctrine of res judicata and the adjunct principle of collateral estoppel "'applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.'" *Grava*, supra, at 383, quoting 1 Restatement of the Law 2d, Judgments (1982) 209, Section 25.

{¶10} With regard to plaintiff's argument that collateral estoppel does not apply in this case insamuch as ODOT was not a party to the connected action, the Supreme Court of Ohio has held that collateral estoppel applies "when the fact or issue '(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when *the party against whom collateral estoppel is asserted* was a party [or] in privity with a party to the prior action.'" (Emphasis added.) *New Winchester Gardens, Ltd. v. Franklin Cty. Bd. of Revision*, 80 Ohio St.3d 36, 41, 1997-Ohio-360, overruled on other grounds, quoting *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 1994-Ohio-358. See *Schroyer v. Frankel* (C.A.6, 1999), 197 F.3d 1170, 1178 (finding that Ohio law allows the use of non-mutual defensive collateral estoppel if the plaintiff was afforded "a fair opportunity to fully litigate the issue").

{¶11} Upon review, the court finds that the facts alleged in plaintiff's complaint arise out of the occurrence that was the subject matter of the case she filed in the Allen County Court of Common Pleas.  A court of competent jurisdiction determined that Dr. Heider's negligence in running the red light was the sole proximate cause of the accident and that the traffic light was functioning correctly on the night of the accident. Accordingly, the court finds that the doctrine of collateral estoppel precludes re-litigation of those issues.  Consequently, there are no genuine issues of material fact and defendant is entitled to judgment as a matter of law.  Defendant's motion for summary judgment shall be granted.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CYNTHIA SUE HEIDER, Admr.

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2008-06521

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

{¶12} A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Emily M. Simmons
Eric A. Walker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Marvin A. Robon
Robert E. Davis
1701 Woodlands Drive
Maumee, Ohio 43537

AMR/dms
Filed January 24, 2012
To S.C. reporter March 23, 2012