[Cite as *McCabe Corp. v. Environmental Protection Agency*, 2012-Ohio-3643.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MCCABE CORPORATION, et al.

    Plaintiffs

    v.

OHIO ENVIRONMENTAL PROTECTION AGENCY, et al.

    Defendants

Case No. 2009-01476

Judge Joseph T. Clark

DECISION

{¶ 1} On November 28, 2011, defendants filed a motion for summary judgment pursuant to Civ.R. 56(B). With leave of court, plaintiffs filed a response on January 10, 2012. On January 27, 2012, defendants filed a reply. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to

have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} Plaintiff Edward McCabe is a licensed professional engineer and the CEO of plaintiff McCabe Corporation, which engages in the business of environmental remediation. On June 29, 1998, plaintiffs bought the land and buildings located at 636 North Irwin Street, in Dayton, Ohio. In 1990, the site where the buildings were located had been designated as a hazardous waste facility. On September 18, 1998, defendants filed a complaint against the previous owners of the site, including Republic Environmental Systems (Ohio), Inc., f.k.a. Ecolotec, Inc., Republic Environmental Systems, Inc., and BRAC Inc., for violations of Ohio's hazardous waste laws. On that same date, the previous owners entered into a consent order with defendants, which required that numerous steps be taken to address the matters of soil and ground water contamination at the facility and to maintain certain financial assurance and liability coverage for the facility. The previous owners initially maintained a trust fund to assure funding of the closure of the facility. Plaintiffs sent a written notice to defendants in 1998, stating that only the property and buildings were being sold to them, and that no attempt was made to transfer any license, permit, or other right to operate a regulated facility at that location. Plaintiffs also informed defendants that the previous owners would complete the closure requirements under the terms of the consent order. However, on July 20, 2007, defendants filed a "motion to show cause, written charges in contempt and request for hearing" against plaintiffs for failure to comply with the terms of the consent order.

{¶ 5} Plaintiffs allege that defendants fraudulently and tortiously administered the closure of the facility and that defendants' actions resulted in interference with plaintiffs' contract rights. In their complaint, plaintiffs allege that defendants knew of contaminated conditions at the site but concealed such and failed to include those

conditions in the closure plan; that defendants knew of contaminated conditions at the site and affirmatively represented that those conditions were provided for in the closure plan; that defendants understated the costs necessary to complete the work to remediate the site; that the false, misleading, inaccurate, and erroneous statements of defendants concerning the conditions at the site constituted actionable non-disclosure in violation of defendants' duty to disclose the conditions; and that defendants fraudulently induced plaintiffs to purchase the site.

{¶ 6} On July 6, 2009, the court issued an entry wherein it dismissed plaintiffs' claims of defamation and any other claims that accrued on or before January 20, 2007, on the basis that they were barred by the applicable statute of limitations. However, the court further stated: "If plaintiffs discovered defendants' allegedly fraudulent conduct when the motion to show cause was filed [on July 20, 2007], plaintiffs arguably have timely filed a claim for fraud. * * * Therefore, any claims that accrued on or after January 20, 2007, may be cognizable in this court."

{¶ 7} In their motion for summary judgment, defendants assert that plaintiffs' remaining claims are barred by the doctrine of res judicata, inasmuch as the issues before this court were determined by the Montgomery County Court of Common Pleas, which judgment was affirmed by the Second District Court of Appeals.

{¶ 8} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 1995-Ohio-331, syllabus. "In Ohio, '[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion * * * and issue preclusion, also known as collateral estoppel.'" *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254, ¶27, quoting *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, ¶6. "'[I]ssue preclusion, [or] collateral estoppel, holds that a fact or a point that was actually and directly at issue in a

previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.'" Id., quoting *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 1998-Ohio-435. "'While the merger and bar aspects of res judicata have the effect of precluding the relitigation of the same cause of action, the collateral estoppel aspect precludes the relitigation, in a second action, of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action.'" Id.

{¶ 9} Defendants have attached to their motion a copy of the Court of Appeals decision in *State, ex rel. Rogers v. Republic Environmental Systems, Inc., et al., and McCabe Corp., et al.*, 2nd Dist. Nos. 23513, 23644, 23723, 2010-Ohio-5523, wherein plaintiffs appealed from several orders issued by the Montgomery County Court of Common Pleas. Three separate appeals were consolidated from Case No. 1998-CV-3499.[1]

{¶ 10} The Second District Court of Appeals decision arose from the same transaction as set forth in plaintiffs' complaint, namely, the 1998 sale of a hazardous waste facility located at 636 N. Irwin Street in Dayton, Ohio. The court of appeals affirmed the trial court's findings that the purchase agreement established that plaintiffs took possession of the facility pursuant to the terms of the Consent Order; that in late 1998, McCabe allegedly discovered the presence of hazardous materials at the facility which were not disclosed prior to the sale of the property; that on September 17, 2008, McCabe filed an amended answer and cross-claim, as well as a third-party complaint

---

[1]The court notes that the court of appeals decision was not incorporated into a properly framed affidavit pursuant to Civ.R. 56(E). However, plaintiffs did not object to its use in their response. Therefore, the decision shall be considered in support of defendants' motion. "When ruling on a motion for summary judgment, a trial court may consider documents other than those specified in Civ.R. 56(C) in

alleging claims for fraud, fraudulent inducement, and/or misrepresentation; that McCabe's claims for fraud and fraudulent inducement were barred by the applicable statute of limitations; and that McCabe was properly held in contempt for failure to comply with the Consent Order. See *Rogers*, supra, ¶3-9, 21, 49-50, 68.

{¶ 11} The court of appeals also stated: "McCabe does argue briefly that the Ohio EPA, acting in conjunction with Republic, failed to disclose hazardous conditions that it was allegedly aware of at the facility. The record, however, does not support McCabe's bare assertion in this regard. The record establishes that there were no communications between McCabe and the Ohio EPA regarding the facility until after McCabe purchased the facility from Republic. Further, the evidence presented at the hearing before the trial court establish[es] that the Ohio EPA did not even know of McCabe's involvement with the facility until well after the Consent Order had been finalized and filed. Thus, no evidence exists which supports McCabe's affirmative defense that the State participated in any way with Republic to fraudulently induce McCabe to purchase the facility." Id., ¶63.

{¶ 12} In response to the motion for summary judgment, plaintiffs state: "The *subsoil contamination* known to the OEPA prior to the December 1997 Contract was discovered by the McCabes for the first time in November/December 1998. 4/29/08 Tr., at 112:1-22. Despite McCabes' 1998 discovery of contamination not disclosed in the Closure Plan, ***it was not until <u>January 2008</u> (ten (10) years later) that McCabe discovered that the OEPA <u>knew</u> of the presence of this undisclosed contamination as early as 1995***. 9/16/08 Tr., at 37:21-21, 77:1-93:6, McCabe Exhibits 2 & 3. ***It is the 2008 discovery that the OEPA knew of the undisclosed conditions prior to Closure Plan approval which triggers this action against the State and the OEPA***." (Emphasis in original.)

---

support of the motion when no objection is raised." *Lytle v. City of Columbus* (1990), 70 Ohio App.3d 99,

**{¶ 13}** Despite plaintiffs' contention that they discovered alleged fraud in 2008, the doctrine of res judicata and the adjunct principle of collateral estoppel "'applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action.'" *Grava*, supra, at 383, quoting 1 Restatement of the Law 2d, Judgments (1982) 209, Section 25.

**{¶ 14}** Upon review, the court finds that the facts alleged in plaintiffs' complaint arise out of the same transaction or occurrence that was the subject matter of the case in the Montgomery County Court of Common Pleas; that a court of competent jurisdiction determined that plaintiffs were bound by the Consent Order; that plaintiffs were properly found in contempt of the Consent Order; and that plaintiffs' claims of fraudulent inducement and fraudulent misrepresentation were barred by the statute of limitations. Accordingly, the court finds that the doctrine of res judicata precludes re-litigation of the issues raised in plaintiffs' complaint. Consequently, there are no genuine issues of material fact and defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment shall be granted.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MCCABE CORPORATION, et al.

    Plaintiffs

    v.

OHIO ENVIRONMENTAL PROTECTION AGENCY, et al.

    Defendants
Case No. 2009-01476

Judge Joseph T. Clark

JUDGMENT ENTRY

{¶ 15} A non-oral hearing was conducted in this case upon defendants' motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendants' motion for summary judgment is GRANTED and judgment is rendered in favor of defendants. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Randall W. Knutti
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Norman A. Abood
203 Fort Industry Square
152 North Summit Street
Toledo, Ohio 43604

002

Filed February 3, 2012
To S.C. Reporter August 13, 2012