THE STATE EX REL. SCHACHTER, APPELLANT, *v.* OHIO PUBLIC EMPLOYEES

RETIREMENT BOARD ET AL., APPELLEES.

[Cite as *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*,

121 Ohio St.3d 526, 2009-Ohio-1704.]

*Res judicata barred Summit County Legal Defender Office employee's second*
*request for Ohio Public Employees Retirement System service credit —*
*Court of appeals' judgment denying mandamus to compel PERS to credit*
*employee with service credit affirmed.*

(No. 2008-1561 — Submitted March 10, 2009 — Decided April 16, 2009.)

APPEAL from the Court of Appeals for Franklin County,

No. 07AP-444, 2008-Ohio-3624.

_____

**Per Curiam.**

**{¶ 1}** This is an appeal from a judgment denying a writ of mandamus to compel the retirement board of the Public Employees Retirement System ("PERS") to find that Patti Schachter is a public employee, credit her with PERS service credit, and assess Summit County for all sums due to PERS for the service credit. Because PERS and its retirement board did not abuse their discretion in concluding that res judicata barred Schachter's claim for service credit, we affirm the judgment of the court of appeals.

**First Request for PERS Service Credit**

**{¶ 2}** The Akron Bar Association, with the cooperation and support of appellee Summit County, procured a series of grants to provide representation for indigent criminal defendants, which led to the creation of the Summit County Legal Defender Office in 1973. The bar association hired Joseph Kodish as the director of the Legal Defender Office. Appellant, Patti Schachter, began working

in the Legal Defender Office as an intern in 1976 and then, aside from a brief period with the United States Army Judge Advocate General Corps, worked as a staff attorney beginning in 1979 until she was promoted to deputy director in 2001. During Schachter's employment with the Legal Defender Office, Kodish was her supervisor. In 1999, the Legal Defenders Office of Summit County, Ohio, Inc., a nonprofit organization, was established, and Kodish was named its director.

{¶ 3} In June 1998, we granted a writ of mandamus to compel appellee PERS retirement board to credit a former Franklin County Public Defender's Office employee for her 14 years of service as an attorney and law clerk with the office. *State ex rel. Mallory v. Pub. Emp. Retirement Bd.* (1998), 82 Ohio St.3d 235, 694 N.E.2d 1356.

{¶ 4} In March 1999, Kodish submitted a joint request to PERS for service credit for him and certain co-workers, including Schachter, for their employment with the Summit County Legal Defender Office. The joint submission included Schachter's supplemental history record, in which she specified that she was applying for PERS service credit for her employment with the Legal Defender Office. The joint request for PERS service credit was based on our holding in *Mallory*.

{¶ 5} A PERS staff member notified Kodish and the Summit County Auditor that he had determined that pursuant to *Mallory*, 82 Ohio St.3d 235, 694 N.E.2d 1356, the Summit County Legal Defender Office "was a public employer and contributions should have been submitted to PERS on behalf of the employees of the [office]." PERS sent additional forms to Schachter relating to her claim for PERS service credit, and she returned the completed forms to PERS.

{¶ 6} Summit County appealed the initial staff determination, and in December 2003, PERS's general counsel determined that "the Summit County Legal Defender Office was not operating as a public employer for OPERS

purposes" and that "Kodish and the other employees are not public employees and are not subject to OPERS coverage."

**Kodish Appeal**

{¶ 7} Kodish, who was represented by counsel, appealed the PERS determination pursuant to Ohio Adm.Code 145-1-11. An evidentiary hearing was subsequently held before a hearing examiner appointed by the retirement board. At the hearing, Schachter testified on behalf of Kodish. Schachter's testimony included the following pertinent exchanges:

{¶ 8} "Q. Did you seek service credit with PERS?

{¶ 9} "A. I think the point of being here today is to get credit with PERS.

{¶ 10} "* * *

{¶ 11} "HEARING EXAMINER McNEIL: When you responded to the question whether you have tried to make a claim for PERS membership or PERS eligibility, I think your answer was, yes, I am, correct?

{¶ 12} "THE WITNESS: Correct.

{¶ 13} "HEARING EXAMINER McNEIL: So you've actually filed a claim?

{¶ 14} "THE WITNESS: I was under the belief that the action that Mr. Kodish is filing included myself, Ms. Marks, Ron Froble and two other people."

{¶ 15} Although Kodish's counsel then informed the hearing examiner that he represented only Kodish, the hearing examiner noted that Schachter had testified that she believed that she would benefit from the outcome of Kodish's appeal and that if the finding were adverse to Kodish, "it may well have a preclusive effect on her as well."

{¶ 16} The hearing examiner issued a report finding that throughout his service as Director of the Summit County Legal Defender Office, Kodish was an employee of the Akron Bar Association, which is a private employer, and that he

was not a public employee between 1973 and 1999. The hearing examiner recommended that the retirement board deny Kodish's appeal because he "was properly treated as a[] private employee of a private employer and [was] not eligible for membership in the Ohio Public Employees Retirement System between 1973 and 1999." In May 2005, the retirement board adopted the hearing examiner's findings of fact and conclusions of law and found that "Kodish was not a public employee while employed as the Director of the Legal Defender Office in Summit County and Summit County Public Defender for the period 1973 through 1999, and therefore is not eligible for OPERS coverage for that time period."

**Second Request for PERS Service Credit**

{¶ 17} In May 2006, Schachter made a second request for PERS service credit for her employment with the Summit County Legal Defender Office beginning in 1976. In her lengthy request, which included legal arguments presented by her attorney, Schachter did not mention anything about her first request for PERS service credit or the Kodish appeal.

{¶ 18} A few weeks later, a PERS staff member denied Schachter's second request because of PERS's previous "determination that employees of the Summit County Legal Defender Office were not public employees as defined in Section 145.01(A) of the Ohio Revised Code due to the Office not being a public employer as defined in Section 145.01(D) of the Ohio Revised Code."

{¶ 19} Schachter then appealed the staff determination and requested a hearing before an independent hearing examiner. PERS's general counsel rejected Schachter's request because of the retirement board's previous determination in the Kodish appeal:

{¶ 20} "The OPERS Board already determined that the Summit County Legal Defender Office was not a public employer and its decision was final. As you know from OPERS arguments in [a separate case], OPERS uniformly applies

decisions rendered by the Board to similarly situated individuals. Therefore, the decision regarding the Summit County Legal Defender Office applies to Ms. Schachter and there is no available appeal to the OPERS Board in this matter."

**Mandamus Case**

{¶ 21} Schachter then filed a complaint for a writ of mandamus in the Court of Appeals for Franklin County. In a subsequently filed amended complaint against appellees, the PERS retirement board and Summit County, Schachter requested a writ of mandamus to compel the retirement board to find that Schachter had been a public employee during her employment with the Summit County Legal Defender Office, credit her with PERS service credit, and assess Summit County for all sums due to PERS for the service credit. Appellees filed answers, and the parties filed evidence and briefs.

{¶ 22} In July 2008, the court of appeals denied the writ. The court of appeals determined that PERS and its retirement board did not abuse their discretion when they denied Schachter's second application for PERS service credit based on the board's decision in the Kodish appeal.

{¶ 23} This cause is now before the court upon Schachter's appeal as of right.

**Mandamus to Remedy Abuse of Discretion by Retirement Board**

{¶ 24} Schachter seeks a writ of mandamus to compel the retirement board to grant her second application for PERS service credit. "[M]andamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by an administrative body." *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 14. "Because there is no statutory right to appeal the retirement board's denial of service credit, mandamus is an appropriate remedy." *State ex rel. Schaengold v. Ohio Pub. Emps. Retirement Sys.*, 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 8; R.C. 145.01(A)(4) ("In all cases of doubt, the public employees

retirement board shall determine whether any person is a public employee, and its decision is final"); Ohio Adm.Code 145-1-11(D) ("The retirement board's decision on any determination conducted pursuant to this rule shall be final and determinative * * *").

{¶ 25} Therefore, to be entitled to the requested writ of mandamus, Schachter had to establish that PERS or the retirement board abused its discretion by denying her request for PERS service credit. See *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254, 899 N.E.2d 975, ¶ 25. To prove an abuse of discretion, Schachter must show that the administrative decision was unreasonable, arbitrary, or unconscionable. *State ex rel. Duncan v. Middlefield*, 120 Ohio St.3d 313, 2008-Ohio-6200, 898 N.E.2d 952, ¶ 27.

### Res Judicata — Generally and in Administrative Proceedings

{¶ 26} PERS staff determined that Schachter's second application for service credit for her employment with the Summit County Legal Defender Office was barred by res judicata because of the retirement board's previous determination in the Kodish appeal that employees of that office were not public employees as defined in R.C. 145.01(A). Schachter claims that this res judicata determination constitutes an abuse of discretion.

{¶ 27} In Ohio, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." Id. The previous action is conclusive for all claims that were or that could have been litigated in the first action. See *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129, 133, 712 N.E.2d 713.

**{¶ 28}** Issue preclusion, or collateral estoppel, " 'precludes the relitigation, in a second action, of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action.' " *Davis*, 120 Ohio St.3d 386, 2008-Ohio-6254, 899 N.E.2d 975, ¶ 27, quoting *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140.

**{¶ 29}** Res judicata, whether claim preclusion or issue preclusion, applies to quasi-judicial administrative proceedings, *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226; *Girard v. Trumbull Cty. Budget Comm.* (1994), 70 Ohio St.3d 187, 193, 638 N.E.2d 67. An administrative proceeding is quasi-judicial for purposes of res judicata if " 'the parties have had an ample opportunity to litigate the issues involved in the proceeding.' " *Set Prods., Inc. v. Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St.3d 260, 263, 31 OBR 463, 510 N.E.2d 373, quoting *Superior's Brand v. Lindley* (1980), 62 Ohio St.2d 133, 16 O.O.3d 150, 403 N.E.2d 996, syllabus; cf. *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 186, 718 N.E.2d 908 ("Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial").

**{¶ 30}** The Kodish administrative appeal was quasi-judicial and thus could be accorded res judicata effect, if the other requirements were met, because notice was provided and the appeal resembled a trial, with the parties represented by counsel and presenting sworn evidence, cross-examining witnesses, and making objections. This quasi-judicial procedure was required by administrative rule. See Ohio Adm.Code 145-1-11(C)(1)(b) ("At the hearing, parties to the appeal and staff are permitted to submit evidence in the form of witness testimony and any form of documentation. At the hearing, parties to the appeal may be represented by counsel or other representative, and staff may be represented by the office of the attorney general").

**Privity**

**{¶ 31}** Schachter claims that the Kodish appeal did not act to bar her second application for PERS service credit because she was not a party to the administrative appeal. "It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee* (1940), 311 U.S. 32, 40, 61 S.Ct. 115, 85 L.Ed. 22. This general rule, however, is subject to several exceptions. *Taylor v. Sturgell* (2008), ___ U.S. ___, 128 S.Ct. 2161, 2167, 171 L.Ed.2d 155.

**{¶ 32}** One of these exceptions is for those persons in privity with a party to the first action. "In order to invoke res judicata, one of the requirements is that the parties to the subsequent action must be identical to *or in privity with those in the former action*." (Emphasis added.) *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 8; see also *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 34 ("Res judicata principles can apply to prevent parties *and those in privity with them* from modifying or collaterally attacking a previous judgment" [emphasis added]).

**{¶ 33}** We have recognized that the concept of privity for purposes of res judicata is "somewhat amorphous." *Brown v. Dayton* (2000), 89 Ohio St.3d 245, 248, 730 N.E.2d 958. Despite this characterization, "[w]e have applied a broad definition to determine whether the relationship between the parties is close enough to invoke the doctrine." *Kirkhart*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 8. A contractual or beneficiary relationship is not required. *Brown*, 89 Ohio St.3d at 248, 730 N.E.2d 958. But the "relationship between co-employees subject to the same employment-related contract, without more, does not establish privity." *O'Nesti*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 12.

**{¶ 34}** In addition, "[a]n interest in the result of and active participation in the original lawsuit may also establish privity." Id. at ¶ 9. Similarly, " 'a mutuality of interest, including an identity of desired result,' may create privity." *Kirkhart*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 8, quoting *Brown*, 89 Ohio St.3d at 248, 730 N.E.2d 958. "Mutuality, however, exists only if 'the person taking advantage of the judgment would have been bound by it had the result been the opposite. Conversely, a stranger to the prior judgment, being not bound thereby, is not entitled to rely upon its effect' " for res judicata. *O'Nesti*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 9, quoting *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees* (1982), 69 Ohio St.2d 241, 244, 23 O.O.3d 243, 431 N.E.2d 672.

**{¶ 35}** Finally, we have held that issue preclusion "applies likewise to those in privity with the litigants and to *those who could have entered the proceeding but did not avail themselves of the opportunity.*" (Emphasis added.) *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 367, 544 N.E.2d 878.

**{¶ 36}** After applying these general rules here, we conclude that the court of appeals did not err in holding that Schachter is in privity with Kodish for purposes of res judicata. Schachter had an interest in and actively participated in the administrative proceedings culminating in the retirement board's determination in the Kodish appeal. Schachter filed her application for PERS service credit in 1999 at the same time that Kodish filed his application, she submitted the necessary forms in support of her application, and she testified in support of Kodish in his administrative appeal with the understanding that Kodish's appeal included her and other employees' PERS-service-credit claims. Both Schachter and Kodish requested a determination that the Summit County Legal Defender Office was a public employer and that they were thus public employees.

**{¶ 37}** This mutuality of interest, including an identity of desired result, is present because PERS would have been bound to apply the result in the Kodish appeal to Schachter had it been the opposite, i.e., if the retirement board had determined that Kodish was a public employee and thus entitled to PERS service credit during his employment with the Summit County Legal Defender Office from 1973 to 1999, it would have been required to also credit Schachter with PERS service credit. Various statutes require this uniform application to all similarly situated PERS members, not simply to those individuals who were parties to the action. See *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 35, citing R.C. 145.01(A)(3), 145.03(A), and 145.483. In fact, the retirement board and PERS applied this court's ruling in *Mallory*, 82 Ohio St.3d 235, 694 N.E.2d 1356, to all employees of the Franklin County Public Defender's Office by crediting them with PERS service, even though they were not parties to the mandamus case and the case was not brought as a class action. Id. at ¶ 36; *State ex rel. Van Dyke v. Pub. Emps. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, ¶ 10.

**{¶ 38}** This case is thus distinguishable from *O'Nesti*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, because the connection between Schachter and Kodish is more than mere co-employees; as noted previously, Schachter permitted Kodish to submit her application for PERS service credit along with his, and her appeal-hearing testimony indicates that she, an experienced attorney, was aware that the board's final determination in the Kodish appeal would apply to her.

**{¶ 39}** Furthermore, Schachter had the opportunity to formally join Kodish's appeal or to submit her own appeal from the adverse PERS staff determination, but she did not avail herself of that opportunity. See *Howell*, 45 Ohio St.3d at 367, 544 N.E.2d 878. Instead, she relied on Kodish to individually appeal that determination and believed that if the result was favorable, PERS

would be bound to apply it to her.  She cannot now claim that because the result was unfavorable, she was not in privity with Kodish.

### *Taylor v. Sturgell*

**{¶ 40}** Schachter asserts that under the recent holding of the United States Supreme Court in *Taylor*, ___ U.S. ___, 128 S.Ct. 2161, 171 L.Ed.2d 155, our precedent concerning privity is no longer controlling.

**{¶ 41}** In *Taylor*, the United States Supreme Court rejected the theory of virtual representation to establish privity for res judicata purposes.  But the court expressly limited its holding to federal cases:

**{¶ 42}** "The preclusive effects of a judgment in a *federal-question case decided by a federal court* should instead be determined according to the established grounds for nonparty preclusion described in this opinion." (Emphasis added.)  ___ U.S. ___, 128 S.Ct. at 2178, 171 L.Ed.2d 155.

**{¶ 43}** Conversely, the court has held that "[s]tate courts are generally free to develop their own rules for protecting against the relitigation of common issues or the piecemeal resolution of disputes," with the caveat that "extreme applications of the doctrine of res judicata may be inconsistent with a federal right that is 'fundamental in character.' "  *Richards v. Jefferson Cty.* (1996), 517 U.S. 793, 797, 116 S.Ct. 1761, 135 L.Ed.2d 76, quoting *Postal Tel. Cable Co. v. Newport* (1918), 247 U.S. 464, 476, 38 S.Ct. 566, 62 L.Ed. 1215.

**{¶ 44}** This is not an "extreme" case in which res judicata has been applied so as to violate Schachter's fundamental right to due process.  In *Richards*, 517 U.S. 793, 116 S.Ct. 1761, 135 L.Ed.2d 76, the petitioners had had no notice of the previous case.  Id. at 799.  By contrast, Schachter participated in the first administrative matter by filing an application for PERS service credit, which was submitted with Kodish's application, and she knew of the Kodish appeal and participated in it by testifying in his behalf.

**{¶ 45}** Therefore, neither *Taylor* nor *Richards* warrants a reversal of the court of appeals' judgment that PERS did not abuse its discretion in determining that res judicata barred Schachter's second application for PERS service credit.

**Merits Determination**

**{¶ 46}** Schachter next contends that the retirement board erred in not conducting an evidentiary hearing on her second application for PERS service credit. She claims that she was entitled to a determination by the retirement board on her successive application instead of a decision by PERS's general counsel. Schachter cites R.C. 145.01 and Ohio Adm.Code 145-1-11 in support of her contention.

**{¶ 47}** R.C. 145.01 provides, "In all cases of doubt, the public employees retirement board shall determine whether any person is a public employee, and its decision is final." Similarly, under Ohio Adm.Code 145-1-11(D), the "retirement board's decision on any determination conducted pursuant to this rule shall be final and determinative and may be summarily applied to all similarly situated employees of the same employer."

**{¶ 48}** Schachter is mistaken. The retirement board's final determination on the dispositive issue of whether employees of the Summit County Legal Defender Office from 1973 to 1999 were public employees entitled to PERS service credit was made in the Kodish appeal. In accordance with Ohio Adm.Code 145-1-11(D), the retirement board applied this decision to all similarly situated employees, including Schachter, who was in privity with Kodish and participated in the prior administrative proceeding. Nothing in the statute or rule required the retirement board to conduct another hearing on Schachter's successive application, which was barred by res judicata. Cf. *State ex rel. George v. Burnside*, 118 Ohio St.3d 406, 2008-Ohio-2702, 889 N.E.2d 533 (judge has no duty to issue findings of fact and conclusions of law on successive or untimely petitions for postconviction relief).

12

{¶ 49} Therefore, Schachter is not entitled to a writ of mandamus to compel the retirement board to issue a merits determination on her second application for PERS service credit when it was barred by res judicata.

### R.C. 145.03(A)

{¶ 50} Schachter further asserts that res judicata cannot be used to bar her membership in PERS because its application conflicts with R.C. 145.03(A), which generally provides that "membership in the system is compulsory upon being employed and shall continue as long as public employment continues." But nothing in the statute suggests that res judicata is inapplicable to PERS-membership determinations. And Schachter concedes that she "has been unable to find any decisions where the preclusion defenses were rejected because the pension statute was compulsory."

{¶ 51} Therefore, Schachter's claim lacks merit.

### Public Employee

{¶ 52} Schachter finally claims that based on a review of the record from the Kodish appeal, she is entitled to a determination that she is a public employee entitled to service credit. Schachter's claim fails, however, because res judicata barred her attempt to relitigate the merits of this issue.

{¶ 53} Moreover, as the court of appeals magistrate concluded, even if Schachter were correct that PERS abused its discretion in concluding that based on res judicata, the retirement board's decision in the Kodish appeal barred her second application for PERS service credit, she would still not be entitled to the requested extraordinary writ of mandamus, because she had a plain and adequate remedy by an administrative appeal to the retirement board from the adverse PERS staff determination on her first application for service credit. " 'An administrative appeal generally provides an adequate remedy in the ordinary course of law that precludes extraordinary relief in mandamus.' " See *State ex rel. McClaran v. Ontario*, 119 Ohio St.3d 105, 2008-Ohio-3867, 892 N.E.2d 440,

¶ 15, quoting *State ex rel. Hilltop Basic Resources, Inc. v. Cincinnati*, 118 Ohio St.3d 131, 2008-Ohio-1966, 886 N.E.2d 839, ¶ 23. The fact that this remedy is no longer available does not render it inadequate for purposes of mandamus. See *State ex rel. Pontillo v. Pub. Emps. Retirement Sys. Bd.*, 98 Ohio St.3d 500, 2003-Ohio-2120, 787 N.E.2d 643, ¶ 34.

### Conclusion

**{¶ 54}** Based on the foregoing, the court of appeals did not err in denying the writ. Schachter failed to establish that PERS or its retirement board acted unreasonably, unconscionably, or arbitrarily by concluding that her second application for service credit was barred by the previous retirement-board determination in the Kodish appeal. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Buckley King, L.P.A., and James E. Melle, for appellant.

Richard Cordray, Attorney General, and Laura Erebia Parsons, Assistant Attorney General, for appellee Ohio Public Employees Retirement Board.

Millisor & Nobil Co., L.P.A., Robert E. Dezort, and Scott A. Lefelar, for appellee Summit County.

_____