[Cite as *Elhanise, Inc. v. Ohio Liquor Control Comm.*, 2014-Ohio-2243.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Elhanise, Inc., | : | |
| Appellant-Appellant, | : | |
| | : | No. 13AP-937 |
| v. | : | (C.P.C. No. 12CVF-13471) |
| Ohio Liquor Control Commission, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on May 27, 2014

*The Gearhiser Law Firm*, and *Kurt O. Gearhiser*, for appellant.

*Michael DeWine*, Attorney General, and *Paul Kulwinski*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Appellant-appellant, Elhanise, Inc. ("Elhanise"), appeals a judgment of the Franklin County Court of Common Pleas affirming an order of appellee-appellee, the Ohio Liquor Control Commission ("Commission"). For the following reasons, we affirm that judgment.

{¶ 2} Elhanise operates the Mt. Airy Food Mart, a convenience store located in Cincinnati. The Division of Liquor Control ("Division") issued Elhanise a liquor permit in 2004. From January 2009 to March 2010, the Investigative Unit of the Ohio Department of Public Safety investigated Elhanise for the suspected illegal trafficking of EBT cards and

receiving stolen property.[1]  As a result of that investigation, Nazih Shteiwi, the sole shareholder and officer of Elhanise, was indicted for three counts of illegal use of supplemental nutritional assistance program benefits or WIC program benefits in violation of R.C. 2913.46(B).  Ayman Abu-Naffa, an Elhanise employee, was indicted for five counts of receiving stolen property in violation of R.C. 2913.51(A) and six counts of illegal use of supplemental nutritional assistance program benefits or WIC program benefits in violation of R.C. 2913.46(B).

{¶ 3}  The indictment resulted in the conviction of both Shteiwi and Abu-Naffa. Abu-Naffa pleaded guilty to one count of illegal use of supplemental nutritional assistance program benefits or WIC program benefits, a felony of the fifth degree.  Shteiwi pleaded guilty to three counts of attempted illegal use of supplemental nutritional assistance program benefits or WIC program benefits, misdemeanors of the first degree.

{¶ 4}  On April 6, 2012, the Commission notified Elhanise that it would hold a hearing to determine whether to suspend or revoke Elhanise's liquor permit for Shteiwi's violation of Ohio Adm.Code 4301:1-1-52(B)(6) and Abu-Naffa's violation of Ohio Adm.Code 4301:1-1-52(B)(7).  Ohio Adm.Code 4301:1-1-52(B)(6) forbids a permit holder, his agent, or employee to knowingly or willfully allow in or upon the permit premises the purchase or use EBT cards in a manner not specifically authorized by R.C. Chapter 5101 or Ohio Adm.Code Chapter 5101:4-1.  Ohio Adm.Code 4301:1-1-52(B)(7) forbids a permit holder, his agent, or employee from using the permit premises to receive the property of another, knowing or having reasonable cause to believe, that such property has been obtained through the commission of a theft offense.

{¶ 5}  At the May 9, 2012 hearing, Elhanise denied the alleged violations, but stipulated to the facts underlying the violations.  In an order mailed May 24, 2012, the Commission found that Elhanise had violated Ohio Adm.Code 4301:1-1-52(B)(6) and (B)(7).  The Commission offered Elhanise the option of paying a forfeiture in the amount of $12,000 or suffering the revocation of its liquor permit.  Elhanise paid the $12,000 forfeiture.

---

[1] "EBT" stands for electronic benefit transfer.  Ohio Adm.Code 5101:4-1-03(B)(2).  EBT cards allow recipients of food assistance benefits to access those benefits to pay for eligible foods at licensed food stores.  Ohio Adm.Code 5101:4-1-04(D).

{¶ 6} At the same time Elhanise was dealing with the proceedings to suspend or revoke its liquor permit, it also had to contend with a challenge to the renewal of that permit. On April 18, 2012, the Cincinnati City Council passed a resolution objecting to Elhanise's annual application for renewal of its liquor permit. Upon receipt of the council's objection, the Division held a hearing to determine whether to deny the renewal. In an order mailed September 7, 2012, the Division denied Elhanise's renewal on three grounds: (1) the place for which the permit was sought was so located with respect to the neighborhood that substantial inference with public decency, sobriety, peace, or order would result from the renewal of the permit and operation by the applicant (R.C. 4303.292(A)(2)(c)); (2) the applicant had shown a disregard for the laws, regulations, or local ordinances of the state (R.C. 4303.292(A)(1)(b)); and (3) a shareholder owning 5 percent or more of the applicant's capital stock was convicted of a crime related to the fitness to operate a liquor establishment (R.C. 4303.292(A)(1)(a)).

{¶ 7} Elhanise appealed the Division's non-renewal order to the Commission. The Commission conducted a hearing on the appeal. In an order mailed October 17, 2012, the Commission affirmed the Division's order.

{¶ 8} Elhanise then appealed the Commission's order to the trial court. The trial court found that the first ground for non-renewal, i.e., substantial inference with public decency, sobriety, peace, or good order, was not supported by probative or substantial evidence. Nevertheless, on the strength of the other two grounds for non-renewal, the trial court affirmed the Commission's order.

{¶ 9} Elhanise now appeals the trial court's judgment to this court, and it assigns the following error:

> The court below erred when it affirmed the order of the Liquor Control Commission because the hearing before the Liquor Control Commission violated the legal doctrine of *res judicata*. Therefore[,] the order of the Liquor Control Commission was not in accordance with law.

{¶ 10} Elhanise has appealed a legal issue. When reviewing the trial court's judgment as to whether an agency's decision is in accordance with law, an appellate court's review is plenary. *Spitznagel v. State Bd. of Edn.*, 126 Ohio St.3d 174, 2010-Ohio-2715, ¶ 14.

{¶ 11} Before addressing the merits of Elhanise's assignment of error, we must clarify the two types of matters at issue here. First, a permit holder may be sanctioned through the suspension or revocation of its liquor permit for the violation of any restriction of R.C. Chapter 4301, 4303, or any lawful rule of the Commission, or for other sufficient cause. R.C. 4301.25(A). The Commission hears and determines such a matter in the first instance. *Id.* A permit holder adversely affected by an order of the Commission revoking or suspending the liquor permit may appeal that order pursuant to R.C. 119.12. R.C. 4301.28(C).

{¶ 12} Second, the municipality, township, or county in which a permit premises is located may object to the annual renewal of a liquor permit. R.C. 4303.271(B). Upon receipt of an objection, the Division holds a hearing and determines whether to deny the renewal. *Id.* If the Division denies the renewal, the permit holder may appeal to the Commission for a hearing. R.C. 4301.28(A)(1); 4303.271(A). If the Commission affirms the Division's order, the permit holder may appeal to the Franklin County Court of Common Pleas. R.C. 119.12; 4301.28(B).

{¶ 13} By its sole assignment of error, Elhanise argues that the doctrine of res judicata barred the Commission from hearing the renewal appeal because it had already heard and decided the matter of whether to revoke Elhanise's liquor permit. In Ohio, the doctrine of res judicata encompasses both issue preclusion, also known as collateral estoppel, and claim preclusion. *State ex rel. Nickoli v. Erie MetroParks*, 124 Ohio St.3d 449, 2010-Ohio-606, ¶ 21. Elhanise asserts that both issue prelusion and claim preclusion prevented the Commission from hearing the renewal matter. We disagree.

{¶ 14} Both issue preclusion and claim preclusion may apply to quasi-judicial administrative proceedings. *State ex rel. Schachter v. Ohio Public Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, ¶ 29. For the purposes of res judicata, an administrative proceeding is quasi-judicial if the parties have had an ample opportunity to litigate the issues involved in the proceeding. *Id.* Here, both parties concede, and we agree, that both revocation and renewal proceedings before the Commission qualify as quasi-judicial proceedings. Consequently, orders resulting from those proceedings may have a preclusive effect on subsequent matters.

{¶ 15} Pursuant to the doctrine of issue preclusion, " 'a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different.' " *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254, ¶ 27, quoting *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395 (1998).  Essentially, issue preclusion prevents the re-litigation of facts and issues that the parties or their privies fully litigated in a previous case.  *Glidden Co. v. Lumbermans Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, ¶ 44.

{¶ 16} Because the doctrine of issue preclusion applies to facts and issues, not entire matters, it would not prevent the Commission from hearing the renewal matter.  At best, Elhanise could only employ issue preclusion to preclude the Commission from re-deciding facts and issues it had previously determined in the revocation matter.  Issue preclusion, therefore, does not support Elhanise's argument.

{¶ 17} We thus turn to the doctrine of claim preclusion.  " 'Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action.' " *Nickoli*, 124 Ohio St.3d 449, 2010-Ohio-606, at ¶ 21, quoting *Ft. Frye Teachers Assn.* at 395.  Under claim preclusion, a previous judgment is conclusive as to all claims that were or might have been litigated in the first action.  *Schachter*, 121 Ohio St.3d 526, 2009-Ohio-1704, at ¶ 27.  Thus, a plaintiff must present every ground for relief in the first action or be forever barred from asserting it.  *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000).

{¶ 18}  Arguably, the doctrine of claim preclusion could preclude the Commission from hearing a renewal matter involving the same permit holder and arising out of the same set of facts as a previously heard revocation matter.  We are puzzled why Elhanise seeks this result.  Claim preclusion, applied to this situation, would only serve to prevent the Commission from hearing Elhanise's appeal of the Division's non-renewal order.  Elhanise, therefore, would lose its liquor permit pursuant to the Division order and deprive itself of an avenue to appeal that order.  While we question the wisdom of Elhanise's appeal, we will, nevertheless, consider whether claim preclusion applies here.

{¶ 19} "The main legal thread which runs throughout the determination of the applicability of *res judicata* * * * is the necessity of a fair opportunity to fully litigate and to be 'heard' in the due process sense." *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 200-01 (1983); *accord Meyer v. Chieffo*, 193 Ohio App.3d 51, 2011-Ohio-1670, ¶ 13 (10th Dist.) ("Claim preclusion * * * 'provides that a valid, final judgment rendered on the merits *after a fair and full opportunity to litigate all claims* bars all subsequent actions between the same parties or their privies arising out of the transaction or occurrence that gave rise to the prior action.' "). (Emphasis added.) Thus, for claim preclusion to apply here, justice requires that it be possible for the Commission to entertain both revocation and renewal matters in the same proceeding. If those matters cannot be joined, but claim preclusion operates as a bar to a hearing of a renewal matter, then the parties will be denied a fair and full opportunity to be heard on both matters. In such a situation, adjudication of a revocation matter would preclude the permit holder from fully litigating a renewal matter, as the permit holder could not exercise its statutory right to appeal the Division's non-renewal order to the Commission.

{¶ 20} After reviewing the applicable statutes and administrative rules, we conclude that no law permits the Commission to consolidate revocation and renewal matters. Consequently, we conclude that fairness and justice does not support the application of claim preclusion in these circumstances. *See Johns 3301 Toledo Café, Inc. v. Liquor Control Comm.*, 10th Dist. No. 07AP-632, 2008-Ohio-394, ¶ 38 (refusing to apply claim preclusion to preclude a second revocation hearing based on the same incident).

{¶ 21} For the foregoing reasons, we overrule Elhanise's assignment of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.

————————————