[Cite as *Eighmey v. Cleveland*, 2020-Ohio-1500.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

ALLYSON EIGHMEY, ET AL.,            :

    Plaintiff-Appellant,            :

                              No. 108540

    v.            :

CITY OF CLEVELAND,            :

    Defendant-Appellee.            :

_____

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 16, 2020

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-14-822702

_____

***Appearances:***

Dworken & Bernstein Co., L.P.A., Frank A. Bartela, and
Patrick J. Perotti, *for appellant.*

Barbara A. Langhenry, Cleveland Director of Law, and
Gary S. Singletary, Chief Counsel, and Craig J. Morice,
Assistant Director of Law, *for appellee.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Plaintiff-appellant, Allyson Eighmey ("Eighmey"), brings the instant appeal challenging the trial court's decision granting defendant-appellee, the city of Cleveland's ("Cleveland") motion for summary judgment. After a thorough review

of the record and law, this court reverses the trial court's judgment and remands the matter for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶ 2} On February 28, 2014, Eighmey, as the class representative, brought a class action suit in the trial court alleging that Cleveland was unjustly enriched by the collection of fines resulting from the issuance of traffic citations. The traffic citations issued were generated by *unmarked* automated traffic cameras, which failed to comply with Cleveland Codified Ordinances ("C.C.O.") 413.031.

{¶ 3} C.C.O. 413.031 authorizes the use of automated traffic cameras in Cleveland to photograph red-light and speeding violations. The automated camera system generates a ticket that is reviewed by a Cleveland police officer and then sent by first-class mail or personal service to the vehicle's owner. C.C.O. 413.031(h). The recipient of a notice of liability must either pay the fine within 20 days from the date of the ticket's mailing, C.C.O. 413.031(o), or file a notice of appeal and request an administrative hearing within 21 days from the date listed on the ticket, C.C.O. 413.031(k). C.C.O. 413.031(k) provides that "[t]he failure to give notice of appeal or pay the civil penalty within this time period shall constitute a waiver of the right to contest the ticket and shall be considered an admission." *Id.* Cleveland assesses late penalties if the fine is not paid within 20 days. C.C.O. 413.031(o).

{¶ 4} C.C.O. 413.031(g), governing the locations of automated cameras, provides, in relevant part,

[a]t each site of a red light or fixed speed camera, the Director of Public Works shall cause signs to be posted to apprise ordinarily observant motorists that they are approaching an area where an automated camera is monitoring for red light or speed violators.

*Id.* Although C.C.O. 413.031(g) permitted traffic cameras to be mounted on "[m]obile speed units," the ordinance required the mobile speed units to be "plainly marked vehicles." C.C.O. 413.031(g).

{¶ 5} Between September and December 2013, the mobile speed units were mounted on *unmarked* trailers. Prior to the use of these unmarked trailers, Cleveland mounted these mobile speed units on marked police cars.

{¶ 6} On October 3, 2013, an unmarked mobile speed unit recorded a traffic violation committed by Eighmey at the intersection of Detroit Avenue and West 32nd Street in Cleveland. Eighmey later received the notice of violation in the mail and promptly paid her ticket on October 27, 2013.

{¶ 7} Four months later, in February 2014, Eighmey filed a class action complaint against Cleveland, alleging that the mobile unit that recorded her traffic violation failed to comply with the notice requirements of C.C.O. 413.031(g) because the unit contained "no distinguishable markings whatsoever."

{¶ 8} Eighmey's traffic ticket specified the manner in which it could be appealed, as required under C.C.O. 413.031(h)(3). C.C.O. 413.031(k), governing the appeals procedure, provides, in relevant part:

A notice of appeal shall be filed with the Hearing Officer within twenty-one (21) days from the date listed on the ticket. The failure to give notice of appeal or pay the civil penalty within this time period shall

constitute a waiver of the right to contest the ticket and shall be considered an admission.

Appeals shall be heard by the Parking Violations Bureau through an administrative process established by the Clerk of the Cleveland Municipal Court. At hearings, the strict rules of evidence applicable to courts of law shall not apply. The contents of the ticket shall constitute a prima facie evidence of the facts it contains. Liability may be found by the hearing examiner based upon a preponderance of the evidence. If a finding of liability is appealed, the record of the case shall include the order of the Parking Violations Bureau, the ticket, other evidence submitted by the respondent or the City of Cleveland, and a transcript or record of the hearing, in a written or electronic form acceptable to the court to which the case is appealed.

{¶ 9} In her complaint, Eighmey alleged that challenging the citation would have been "futile because the City's own failure to comply with the ordinance is not one of the enumerated defenses to a [citation] under C.C.O. 413.031." Eighmey also asserted that the class of plaintiffs wrongfully cited by unmarked mobile units was "so numerous that joinder of all members is impracticable."

{¶ 10} On July 1, 2016, both Cleveland and Eighmey filed motions for summary judgment. In addition, Eighmey filed a motion in support of class certification. Cleveland opposed the motion, arguing, in part, that Eighmey lacked standing to represent the class because she failed to exhaust her administrative remedies by appealing the citation pursuant to C.C.O. 413.031(k). Cleveland also argued that Eighmey's claims were barred by res judicata because she paid her ticket and did not contest the violation.

{¶ 11} The trial court granted Eighmey's motion for class certification. In a written opinion, the court expressly found that Eighmey met all the requirements for class certification set forth in Civ.R. 23 and certified the following class:

> All persons (a) issued tickets or notices of Liability by a "mobile speed unit" under Cleveland Codified [O]rdinance[s] 413.031 et seq., (b) during the period September 25, 2013 to December 26, 2016, (c) which were not warnings, and (d) upon which there was not a finding of no liability pursuant to [] 413.031(k).

{¶ 12} The opinion did not mention Cleveland's arguments regarding Eighmey's inability to represent the class due to her alleged failure to exhaust administrative remedies, res judicata, or standing. Rather, the trial court found that Eighmey's claims were typical of the class because "[t]here [wa]s no express conflict between the interests of named class representative, Allyson Eighmey, and the interests of putative class members."

{¶ 13} Cleveland filed an appeal challenging the trial court's judgment granting class certification. *Eighmey v. Cleveland*, 8th Dist. Cuyahoga No. 104779, 2017-Ohio-7092. At the time Cleveland filed the appeal, the trial court had not ruled on Eighmey's or Cleveland's motions for summary judgment.

{¶ 14} On appeal, this court reversed the trial court's order granting class certification. This court found that Eighmey, as the class representative, failed to meet the typicality requirement of Civ.R. 23. As a result, this court remanded the matter "for further proceedings to determine the merits of Eighmey's claims and Cleveland's defenses and for the possible substitution of a more suitable class representative." *Id.* at ¶ 25.

**{¶ 15}** On remand, Eighmey filed a motion "to re-certify the class pursuant to mandate from 8th District Court of Appeals" on October 3, 2017.  In her motion, Eighmey sought to resolve the typicality issue by removing class members that challenged or appealed a ticket from a mobile traffic camera.  Eighmey sought certification of the following class:  "All persons (a) issued tickets or notices of liability by a 'mobile speed unit' under Cleveland Codified Ordinance[s] 413.031 et seq., (b) during the period September 25, 2013 to December 26, 2013,[1] (c) which were not warnings, and (d) who did not appeal the ticket or notice of liability."

**{¶ 16}** Cleveland filed a brief in opposition to Eighmey's motion to recertify on October 11, 2017.  Therein, Cleveland disputed Eighmey's assertion that the Eighth District mandated or ordered the trial court to recertify the class.  Cleveland argued that the case was remanded for adjudication of Eighmey's claims on the merits, rather than recertification of her proposed class.  Cleveland also contended that Eighmey and the proposed members of the amended class would lack standing to assert claims against Cleveland because (1) they failed to exhaust administrative remedies, and (2) their claims were barred by res judicata because they paid the tickets without challenging the tickets or filing an appeal pursuant to the procedures set forth in C.C.O. 413.031.

---

[1] Eighmey's motion to recertify provided, in relevant part, "[t]he original class definition incorrectly identified the class period as September 25, 2013 to December 26, 2016.  The amended definition has altered the class period to September 25, 2013 to December 26, 2013."

**{¶ 17}** On April 10, 2019, the trial court issued a judgment entry granting the motion for summary judgment filed by Cleveland on July 1, 2016, and denying Eighmey's motion to recertify the class as moot. The trial court concluded, in relevant part,

> Eighmey paid her fine and waived her right to appeal under C.C.O. 413.031, and as a result lacks standing and her claim is barred by res judicata. Therefore, Plaintiffs motion to re-certify class is denied as moot, and Defendant City of Cleveland's motion for summary judgment, filed July 1, 2016, is granted. Case is dismissed with prejudice and removed from the Court's active docket.

**{¶ 18}** It is from this judgment that Eighmey filed the instant appeal on May 8, 2019. She assigns one error for review:

> I. The trial court erred in granting [Cleveland's] motion for summary judgment.

## II. Law and Analysis

## A. Scope of Appeal

**{¶ 19}** Eighmey brings this appeal challenging the trial court's April 9, 2019 judgment. In the April 9, 2019 judgment entry, the trial court granted Cleveland's motion for summary judgment and denied Eighmey's motion to recertify the class as moot.

**{¶ 20}** In her notice of appeal, Eighmey indicates that she is appealing from the trial court's judgment "denying [her] motion to re-certify the class and dismissing [her] case with prejudice[.]" The record reflects that the trial court denied Eighmey's motion to recertify the class as moot rather than ruling upon the

merits of her motion. Accordingly, at this time, Eighmey's motion to recertify the class is not properly before this court.

{¶ 21} We note, however, that there is nothing precluding Eighmey from seeking recertification of the class. In reversing the trial court's judgment, this court explained in the August 2017 opinion that based on the *original* class definition, which included all persons that received a ticket — regardless of whether or not they filed an appeal — Cleveland's standing and res judicata defenses, premised on the fact that Eighmey paid the ticket without filing an appeal, would have predominated the litigation if Eighmey remained the class representative.

{¶ 22} The sole issue before this court in the instant appeal is whether the trial court erred in granting Cleveland's motion for summary judgment. More specifically, the issue is whether the trial court erred in granting Cleveland's motion for summary judgment on the basis that (1) Eighmey lacked standing to assert her unjust enrichment claim against Cleveland, and (2) Eighmey's unjust enrichment claim is barred by res judicata.

{¶ 23} Accordingly, the scope of this appeal will focus on the trial court's judgment granting Cleveland's summary judgment motion rather than the issue of class certification and the requirements under Civ.R. 23.

**B. Standard of Review**

{¶ 24} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "We apply the same standard as the trial court, viewing the facts in the case in a light

most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party." *Thompson v. Lyndhurst*, 8th Dist. Cuyahoga No. 107695, 2019-Ohio-3277, ¶ 19, citing *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12, 467 N.E.2d 1378 (6th Dist.1983).

{¶ 25} In order to obtain summary judgment, the moving party must show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton* at 105, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).

{¶ 26} "The moving party has the initial responsibility of establishing that it is entitled to summary judgment." *UBS Fin. Servs. v. Lacava,* 8th Dist. Cuyahoga No. 106256, 2018-Ohio-3165, ¶ 17, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "[I]f the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 16, citing *Dresher* at 293.

{¶ 27} "Once a moving party demonstrates no material issue of fact exists for trial and the party is entitled to judgment, the nonmoving party has a duty to come forth with argument and evidence demonstrating a material issue of fact does exist that would preclude judgment as a matter of law." *Lacava* at ¶ 18, citing *Dresher* at

*id.* Thereafter, "[s]ummary judgment is appropriate if the nonmoving party fails to meet this burden." *Id.*

{¶ **28**} In its motion for summary judgment, Cleveland argued that Eighmey "has no recognizable [sic] cause of action as a matter of law based on her lack of standing, failure to exhaust her available administrative remedies, and application of the res judicata doctrine based on her voluntary payment and admission of liability." As noted above, in granting Cleveland's motion for summary judgment, the trial court concluded that "Eighmey paid her fine and waived her right to appeal under [C.C.O.] 413.031[(k)], and as a result lacks standing and her claim is barred by res judicata."

{¶ **29**} After reviewing the record, and for the reasons set forth below, we find that the trial erred in granting Cleveland's motion for summary judgment.

## C. Standing

{¶ **30**} First, the trial court erred in concluding that Eighmey lacked standing to assert her unjust enrichment claim against Cleveland. In order to establish standing, a plaintiff must demonstrate that he or she suffered "(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

{¶ **31**} In this case, Eighmey challenged the validity of her ticket on the basis that Cleveland failed to comply with C.C.O. 413.031(g). In her complaint, Eighmey

asserted a single cause of action for unjust enrichment, alleging that tickets issued and penalties imposed were unlawful and void because "the mobile speed units were neither plainly marked, nor vehicles[.]" Complaint at ¶ 17. Eighmey asserted that the mobile speed units contained "no distinguishable markings whatsoever." *Id.* at ¶ 10. As such, Eighmey maintained that the mobile speed units failed to comply with the requirements set forth in C.C.O. 413.031(g). Cleveland does not dispute that the mobile speed units failed to comply with C.C.O. 413.031(g).

{¶ 32} Because Eighmey paid a penalty for a ticket that was invalidly issued, she has standing to assert her unjust enrichment claim against Cleveland. Eighmey is not challenging the adequacy of the appeals process. Accordingly, the fact that Eighmey did not file an appeal contesting her ticket is inconsequential.

{¶ 33} The trial court's reliance on *Jodka v. Cleveland*, 2014-Ohio-208, 6 N.E.3d 1208 (8th Dist.), in support of its conclusion that Eighmey lacked standing is misplaced. *Jodka* involved a home rule argument in which the plaintiff alleged that the appeals process under C.C.O. 413.031(k) was unconstitutional. This court held that the plaintiff lacked standing to assert his unjust enrichment claim against the city because he never availed himself of the appeals process under C.C.O. 413.031(k) and (l). Here, Eighmey is not challenging the adequacy or constitutionality of the appeals process under C.C.O. 413.031(k) — she is challenging whether the ticket should have been issued in the first place. Accordingly, *Jodka* is inapposite.

**{¶ 34}** For all of the foregoing reasons, we find that Eighmey sufficiently established standing to assert her unjust enrichment claim against Cleveland. The trial court erred in granting Cleveland's summary judgment motion in this respect.

### D. Res Judicata

**{¶ 35}** Second, the trial court erred in concluding that Eighmey's claim was barred by res judicata.

> In Ohio, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id.* The previous action is conclusive for all claims that were *or that could have been litigated in the first action. See Holzemer v. Urbanski*[, 86 Ohio St.3d 129, 133,712 N.E.2d 713 (1999)].

(Emphasis added.) *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 27.

**{¶ 36}** C.C.O. 413.031(k), governing the appeals process, provides, in relevant part,

> Liability shall not be found where the evidence shows that the automated camera captured an event that is not an offense, including each of the following events and such others as may be established by rules and regulations issued by the Director of Public Safety under the authority of division (n) of this section:
>
> (1) The motorist stops in time to avoid violating a red light indication;
>
> (2) The motorist proceeds through a red light indication as part of funeral procession;

(3) The motorist is operating a City-owned emergency vehicle with its emergency lights activated and proceeds through a red light indication or exceeds the posted speed limitation;

(4) The motorist is directed by a police officer on the scene contrary to the traffic signal indication.

Liability shall also be excused if a vehicle is observed committing an offense where the vehicle was stolen prior to the offense and the owner has filed a police report.

{¶ 37} In this case, after reviewing the record, we find that the doctrine of res judicata is inapplicable. The appeals process set forth in C.C.O. 413.031(k) does not provide for a ticket to be invalidated on the basis that Cleveland failed to comply with C.C.O. 413.031(g). Because Eighmey could not have contested the ticket on the basis that Cleveland failed to comply with C.C.O. 413.031(g), and because a hearing examiner was not authorized by the language of the ordinance to void a ticket on the basis that Cleveland failed to comply with C.C.O. 413.031(g), the doctrine of res judicata does not preclude Eighmey from raising her argument regarding Cleveland's failure to comply with C.C.O. 413.031(g) in her complaint.

{¶ 38} For all of the foregoing reasons, we find that Eighmey's unjust enrichment claim is not barred by res judicata. The trial court erred in granting Cleveland's summary judgment motion in this respect.

### E. Failure to Exhaust Administrative Remedies

{¶ 39} As noted above, Cleveland argued in its summary judgment motion that Eighmey was precluded from asserting her unjust enrichment claim because she failed to exhaust the administrative remedies under C.C.O. 413.031(k). The trial court did not specifically address the administrative remedies issue in granting

Cleveland's summary judgment motion. Accordingly, it would be improper for us to do so in this appeal.

{¶ 40} We note, however, that it is unclear whether Eighmey would be subject to the administrative appeal process set forth in C.C.O. 413.031(k). As noted above, C.C.O. 413.031(k) did not provide for a ticket being invalidated on the basis that Cleveland failed to comply with C.C.O. 413.031(g).

### III. Conclusion

{¶ 41} After thoroughly reviewing the record, we reverse the trial court's judgment. Eighmey is challenging the *validity of the ticket* on the basis that Cleveland failed to comply with C.C.O. 413.031(g). She is not challenging the adequacy or constitutionality of *the appeals process* under C.C.O. 413.031(k). Cleveland does not dispute that the mobile speed units failed to comply with C.C.O. 413.031(g).

{¶ 42} Eighmey sufficiently demonstrated the existence of genuine issues of material fact regarding whether the tickets were valid based on Cleveland's failure to comply with C.C.O. 413.031(g). Accordingly, the trial court erred in granting Cleveland's motion for summary judgment.

{¶ 43} The trial court's judgment is reversed, and the matter is remanded for further proceedings on the merits of Eighmey's unjust enrichment claim.

{¶ 44} Judgment reversed and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

SEAN C. GALLAGHER, P.J., and
RAYMOND C. HEADEN, J., CONCUR